# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRIAN DOYLE, #B41630, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 19-cv-01210-JPG |
| STEVE RITZ and WEXFORD HEATH SOURCES, INC., | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Brian Doyle, an inmate in the custody of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center ("Menard"), brings this action pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff claims he has been denied adequate medical care for a chronic occipital infection at Menard since 2018. (*Id*. at pp. 6-19). He seeks money damages and injunctive relief[1] against Dr. Ritz and Wexford Health Sources, Inc. ("Wexford"). (*Id*. at p. 21).

The Complaint is subject to review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

---

[1] In his request for relief, Plaintiff seeks treatment with an outside wound specialist and/or plastic surgeon. (*Id*. at p. 21). The Court construes this request as one for an injunction *at the close of the case*. If Plaintiff seeks more immediate relief, he may file a separate motion for a temporary restraining order or preliminary injunction under Federal Rule of Civil Procedure 65(a) or (b).

1

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1, pp. 6-19): For twenty years, Plaintiff has suffered from a chronic occipital infection with draining sinus tracts. (*Id*. at p. 6). He requires daily dressing changes, regular use of antiseptic soap, and ongoing treatment with antibiotics. (*Id*. at p. 7). Before 2018, Plaintiff was evaluated by off-site medical providers, who recommended further treatment with a wound specialist and plastic surgeon. (*Id*. at pp. 8-15). Since 2018, on-site medical providers have repeatedly requested a referral to these outside specialists. (*Id*.). Dr. Ritz and Wexford have denied the referral requests. (*Id*.).

In the meantime, Plaintiff's infection has spread from his scalp to his face. (*Id*. at p. 8). At times, his condition has deteriorated to the point of requiring intravenous treatment with antibiotics in the prison's health care unit. (*Id*. at pp. 8-12). His condition otherwise shows no signs of improvement. (*Id*.).

Defendants know that Plaintiff's condition will not resolve without treatment by a wound specialist and a plastic surgeon. (*Id*. at pp. 8-14). Even so, they refuse to consider an off-site referral. (*Id*.). Plaintiff's blames Defendants' policy, custom, or practice of simply ignoring treatment recommendations made by on-site medical staff and off-site specialists. (*Id*. at pp. 18-19).

Plaintiff further claims that Defendants failed to ensure his placement in housing that reduces his risk of further infection. Medical staff are aware that Plaintiff requires a single cell, access to hygiene supplies, frequent showers, and additional cleaning supplies—all to reduce the risk of infection. (Doc. 1, pp. 15-19). Defendants are also aware of this. (*Id*.). However, they have issued no orders and taken no other steps to ensure his safe placement in sanitary living conditions. (*Id*.).

## Discussion

Based on the allegations, the Court finds it convenient to designate the following three (3) claims in the *pro se* Complaint:

**Count 1:** Eighth Amendment claim against Defendants for denying numerous requests for referrals of Plaintiff to an outside wound specialist or plastic surgeon for treatment of his chronic occipital infection beginning in 2018.

**Count 2:** Eighth Amendment claim against Defendants for their policy, custom, or practice of ignoring the professional recommendations of on-site and off-site medical providers for treatment of Plaintiff's chronic occipital infection since 2018.

**Count 3:** Eighth Amendment claim against Defendants for failing to take steps to place Plaintiff in living conditions aimed at reducing his exposure to additional infection (e.g., single cell with additional access to showers, hygiene items, and cleaning supplies).

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[2] The allegations suggest that Dr. Ritz and/or Wexford responded to Plaintiff's serious medical condition with deliberate indifference, by refusing to refer him for treatment with an outside specialist, disregarding the recommendations of on- and off-site medical professionals, and depriving Plaintiff of safe living conditions in the process. Counts 1, 2, and 3 will receive further review against both defendants.

## Disposition

**IT IS ORDERED** that the Complaint survives preliminary review. **COUNTS 1, 2,** and **3** will receive further review against Defendants **DR. RITZ** and **WEXFORD HEALTH SOURCES, INCORPORATED**. **Because these claims arise from the alleged denial of medical care, the Clerk of Court is DIRECTED to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendant**s DR. RITZ** and **WEXFORD HEALTH SOURCES, INCORPORATED**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ORDERED** that, if a Defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  **Pursuant to Administrative Order No. 244, Defendants should only respond to the issues stated in this Merits Review Order.**

**IT IS ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 1/23/2020**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

## Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.