IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRIAN DOYLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:19-CV-01210-NJR |
| | ) |
| STEVE RITZ, ANTHONY WILLS, and | ) |
| WEXFORD HEALTH SOURCES, INC., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion for Summary Judgment (Doc. 55) filed by Defendant Anthony Wills. For the reasons set forth below, the Court grants the motion.

### FACTUAL AND PROCEDURAL BACKGROUND

This action stems from medical treatment given to Plaintiff Brian Doyle by Defendants while Doyle was an inmate incarcerated at Menard Correctional Center, a facility operated by the Illinois Department of Corrections ("IDOC"). At all times relevant to this action, Wexford Health Sources, Inc. ("Wexford"), provided health care services to inmates at IDOC facilities, including Menard, pursuant to a contract with IDOC. Wills is the current acting warden of Menard, and Defendant Steve Ritz at all times relevant was employed as a utilization manager by Wexford (Doc. 56 at 2-3; Doc. 1).

In August 2018, Doyle filed a grievance noting persistent swelling of his face and head and recounting a history of skin infections on his head including a diagnosis of MRSA, a contagious illness (Doc. 56-1 at 3). Doyle requested medical treatment as well as

Page 1 of 5

transfer to a one-man cell (*Id.*). The response to the grievance noted that Doyle had first complained of swelling to the back of his head in June 2018 and that he was admitted to the Menard infirmary in November 2018 and discharged when the wound to the back of his head closed. (*Id.* at 4). The response further indicated that placement was an administrative issue and that Doyle should contact a counselor for a transfer review (*Id.*).

In November 2019, Doyle filed a complaint in this Court (Doc. 1). In initial screening, the Court determined that Doyle claimed that he had been denied adequate medical care for a chronic occipital infection at Menard since 2018 (Doc. 9 at 1). Before 2018, Plaintiff was evaluated by off-site medical providers, who recommended further treatment with a wound specialist and a plastic surgeon, and on-site medical providers have subsequently requested a referral to these outside specialists but have been denied by Ritz and Wexford (Doc. 9 at 2). Doyle further alleges that Defendants have taken no other steps to ensure his safe placement in sanitary living conditions (*Id.*).

Based on these allegations, the Court construed Doyle's complaint as containing three counts alleging violations of the Eighth Amendment (*Id.* at 3). On August 13, 2020, Wills filed a Motion for Summary Judgment, arguing that he should be dismissed from the case because (1) Doyle failed to exhaust his administrative remedies and (2) he failed to demonstrate that he is entitled to an injunction, and (3) his request for injunctive relief is barred by sovereign immunity (Doc. 56).

Summary judgment is only appropriate if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter

of law." *Spurling v. C & M Fine Pack, Inc.*, 739 F.3d 1055, 1060 (7th Cir. 2014) (*quoting* FED. R. CIV. P. 56(a)). Once the moving party has set forth the basis for summary judgment, the burden then shifts to the nonmoving party who must go beyond mere allegations and offer specific facts showing that there is a genuine issue of fact for trial. FED. R. CIV. P. 56(e); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 232-24 (1986). The nonmoving party must offer more than "[c]onclusory allegations, unsupported by specific facts," to establish a genuine issue of material fact. *Payne v. Pauley*, 337 F.3d 767, 773 (7th Cir. 2003) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

In determining whether a genuine issue of fact exists, the Court must view the evidence and draw all reasonable inferences in favor of the party opposing the motion. *Bennington v. Caterpillar Inc.*, 275 F.3d 654, 658 (7th Cir. 2001); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A "court may not assess the credibility of witnesses, choose between competing inferences or balance the relative weight of conflicting evidence[.]" *Reid v. Neighborhood Assistance Corp. of America*, 749 F.3d 581, 586 (7th Cir. 2014) (*quoting Abdullahi v. City of Madison*, 423 F.3d 763, 769 (7th Cir. 2005)).

A plaintiff seeking equitable relief must demonstrate (1) irreparable injury, (2) inadequate remedies at law, (3) the benefits of the injunction outweigh the injury to defendants, and (4) the public interest would not be harmed by the injunction. *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006).

Wills argues that because Doyle failed in seeking a preliminary injunction, he likewise lacks sufficient evidence to support his claim for a permanent injunction.

Because Doyle was only added to carry out a possible injunction, he should be dismissed with the claim for an injunction.

Naturally, a denial of preliminary injunctive relief does not *per se* dictate the later grant of a permanent injunction. That said, the only evidence in the record indicates that there is no medical need for Doyle to be single-celled. He has presented no evidence other than his own words to contradict affidavits from Wexford employees stating that they found no medical need for a single cell (Docs. 46-1 at 1-2; 46-2 at 3). Moreover, this Court has previously found that the current state of the evidence was insufficient to support a preliminary injunction (Doc. 54).

Indeed, the balance of the evidence does appear to weigh heavily against Doyle. It is true that Doyle was previously diagnosed in 2018 with MRSA, a contagious and drug-resistant bacterial pathogen (Doc. 56-1 at 18). If there was evidence that Doyle still carried contagious bacteria, there might be a basis to be skeptical of the testimony of medical staff finding a single cell to be unnecessary. More recent cultures, however, indicate that Doyle no longer carries drug resistant bacteria (Doc. 53-1 at 3), and contagion does not appear to be a concern. At this time, the Court cannot find any persuasive reason to doubt the testimony of medical personnel finding no medical necessity for single-celling Doyle.

Accordingly, the Court grants summary judgment on Doyle's request for an injunction and accordingly dismisses Wills from the case. As the Court has determined that Doyle cannot prevail in seeking an injunction, there is no need to proceed to Wills's arguments regarding administrative exhaustion and sovereign immunity.

For the reasons set forth above, the Court **GRANTS** summary judgment to Wills and dismisses him from this action with prejudice.

**IT IS SO ORDERED.**

DATED:   February 23, 2021

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**